**SUSQUENITA SCHOOL DISTRICT,**
**Appellant,**

v.

**SUSQUENITA EDUCATION**
**ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1995.

Decided April 2, 1996.

Reargument Denied June 7, 1996.

Richard C. Snelbaker, for Appellant.

J. Paul Helvy, for Appellee.

Before COLINS, President Judge,
SMITH, J., and KELTON, Senior Judge.

SMITH, Judge.

The Susquenita School District (District) appeals from an order of the Court of Common Pleas of Perry County that affirmed an arbitrator's decision to sustain a grievance on behalf of the Susquenita Education Association (Association). The arbitrator determined that the District's unilateral change to "self-funding" of a portion of its employees' major medical deductible violated a prohibition in the parties' collective bargaining agreement against unilateral modification of the terms of the contract and ordered the District to reinstate the Blue Cross and Blue Shield coverage, with the $100 deductible, as previously set forth in the contract.

The issues presented, as stated by the District, include whether the common pleas court erred by applying a cursory scope of review and by failing to consider the merits of the District's appeal; whether the arbitrator's award draws its essence from the collective bargaining agreement; whether the arbitrator's award is manifestly unreasonable; and whether the arbitrator exceeded her au-

thority by changing the terms, meaning and intent of the parties' agreement.

■ This Court's scope of review of an arbitrator's award entered pursuant to the Public Employe Relations Act[1] is limited. The proper judicial inquiry is whether the award draws its essence from the contract. "Under the essence test, this Court is confined to determining whether the arbitrator's decision could rationally be derived from the collective bargaining agreement." *Riverview School Dist. v. Riverview Educ. Ass'n*, 162 Pa.Cmwlth. 644, 650, 639 A.2d 974, 977 (1994), *appeal denied*, 540 Pa. 588, 655 A.2d 518 (1995). An award of an arbitrator is to be respected by the courts if the award represents a reasonable interpretation of the labor agreement between the parties. *Riverview School Dist.* "Subsumed within the essence test standard of review is the requirement that the arbitrator's interpretation of the agreement cannot be manifestly unreasonable." *Id.* at 977.

A review of the record in the present case indicates that in May 1993, the members of the Association went on strike over the District's plan to raise the major medical deductible from $100 to $250. As a result of bargaining, the Association agreed to reduce its salary package by $50,000 and the District agreed to maintain the Blue Cross and Blue Shield coverage with the $100 deductible. The strike ended and in June 1993, the parties ratified an agreement. Article XVI of the agreement, relating to "Disability and Illness," provides in pertinent part:

A. The Board shall provide all permanent, full time teachers with Blue Cross and Blue Shield Coverage. This shall consist of the present plan of Blue Cross–Plan U with outpatient diagnostic benefits, Blue Shield Major–Medical, and Blue Shield 100 prevailing fee plan and Diagnostic and Anesthetic benefits only. The Board reserves the right to provide equivalent coverage from an insurance carrier other than Blue Cross and Blue Shield; but no such conversion will take place unless the proposed replacement policy is disclosed to the Association at least 60 days in advance, and the

---

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

Association is given the opportunity to bargain over the proposed conversion.

**B.** The District will pay 100% of the monthly premiums for the Blue Cross, Blue Shield, Diagnostic, and Major Medical Coverage provided in the 1988–89 school year, plus the following additional coverages:

***Blue Cross/Blue Shield/Major Medical***

Change to 365 Inpatient Medical Days

Negotiated Agreement for the 1992–93, 1993–94, 1994–95, 1995–96 School Years, p. 11.

On February 1, 1994, the District unilaterally implemented a change to a $1000 deductible on the basis that it would self-fund $900 of the deductible. Under the self-funding plan, however, instead of receiving a check upon Blue Shield's approval of the claim, an employee must resubmit the claim and eligibility determination to the District. The Association filed a grievance which proceeded to arbitration. On September 23, 1994, the arbitrator entered an award sustaining the Association's grievance and directing the District to resume Blue Cross and Blue Shield coverage as set forth in Article XVI of the agreement.

The common pleas court found that the subject matter of this dispute, which is the District's employees' Blue Cross and Blue Shield coverage, was encompassed by the terms of the agreement. As noted by the common pleas court, the Association bargained over and rejected any change in the Blue Cross and Blue Shield coverage, including the $100 major medical deductible. The common pleas court cited *Leechburg Area School Dist. v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981), for the proposition that the courts will not interfere with an arbitrator's decision if the subject matter of the dispute is within the terms of the agreement and,

accordingly, concluded that the arbitrator's decision restoring the $100 deductible draws its essence, or is rationally derived, from the collective bargaining agreement.

In labor disputes resolved by arbitration machinery, the less judicial participation the better. *Scranton Fed'n of Teachers, Local 1147 v. Scranton School Dist.*, 498 Pa. 58, 444 A.2d 1144 (1982). "The parties to this collective bargaining agreement had bargained for the arbitrator's construction, not the court's; thus a court has no business intruding into the domain of the arbitrator...." *Id.* at 65, 444 A.2d at 1147. A review of the record illustrates that such is the case here; as the arbitrator noted, the parties' contract reflects that they agreed to major medical coverage by Blue Cross and Blue Shield with a $100 deductible.

 The District contends that the common pleas court failed to consider the merits of the District's appeal and capriciously affirmed an unreasonable decision of the arbitrator. The Court cannot agree with this position.[2] The arbitrator's critical determination, that coverage under the District's self-funding program is materially different and thus not "equivalent" to the previous coverage by Blue Cross and Blue Shield, is not an unreasonable one. Contrary to the District's assertion that coverage was not affected by its change to a District-funded higher deductible, the arbitrator noted in her decision that in many cases under the District's administration of its self-funding plan, an employee will have to wait an additional two weeks to receive a reimbursement check from the District.[3] The arbitrator further noted that under the self-funding plan an employee has the added burden of cutting out or defacing any confidential information he or she does not wish to reveal to the District, which increases the likelihood of

---

2. Equally unpersuasive is the District's contention that the arbitrator's award infringes upon the District's inherent managerial rights. The Association gave up $50,000 in salary in exchange for keeping the same major medical coverage, including the $100 deductible. In any event, where a disputed item is a matter of fundamental concern to the employees' interest in wages, hours, terms or conditions of employment, it is not removed from good-faith bargaining merely because it may touch upon managerial policy. *Pennsylvania Labor Relations Board v. State College Area School Dist.*, 461 Pa. 494, 337 A.2d 262 (1975).

3. As the arbitrator noted, it is reasonable to conclude that by identifying Blue Shield by name the Association's members bargained for Blue Shield's expertise in processing their claims and issuing their checks in a timely manner.

disclosure of confidential information to the District.

Hence, there is no support for the District's argument that the arbitrator exceeded her authority in determining that the District's self-funding plan is not "equivalent," within the meaning of Article XVI, to the major medical coverage agreed upon by the parties. In view of the foregoing, this Court agrees with the common pleas court that the arbitrator's award, restoring the previous Blue Cross and Blue Shield coverage with a $100 deductible, draws its essence from the agreement. The decision of the Honorable C. Joseph Rehkamp is hereby affirmed.

## ORDER

AND NOW, this 2nd day of April, 1996, the order of the Court of Common Pleas of Perry County is affirmed.